# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENTON A. FORD,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 18-4761 |
| WARDEN D. EDWARD MCFADDEN,<br>*et al.*,<br>    Defendants. | : | FILED<br>NOV 0 8 2018<br>KATE BARKMAN, Clerk<br>_____ Dep. Clerk |

## MEMORANDUM

**JONES, J.**                                                                                   **NOVEMBER 8, 2018**

Plaintiff Brenton A. Ford, a prisoner incarcerated at the Chester County Prison, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Warden D. Edward McFadden, Prime Care Medical, Inc., LPN Markelle Powell, and P.A. Karen Murphy, based on allegations that he was hospitalized because he was given the incorrect type or dose of insulin. Ford seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ford leave to proceed *in forma pauperis*, dismiss the Complaint for failure to state a claim, and give Ford an opportunity to file an amended complaint.

## I.    FACTS

The Complaint appears to allege that on September 18, 2018, "the nurse . . . gave [Ford] the wrong insulin of 'Regular', instead of 'NPH' (73) units," which caused him to shake and which Ford alleges could have caused him "to be in a diabetic coma." (Compl. at 7.)[1] As a result, Ford was "rush[ed] out" of his cell block, "escorted by multiple officials" to the medical department, and "rush[ed] to 'Chester County Hospital' for treatments and check ups on [his]

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

1

health." (*Id.*) "The Head Physician 'Karen Murphy' was also involved and atten[d]ed to [Ford's] health care, in the medical department before [he] went to the hospital." (*Id.*)

Ford initiated the instant lawsuit based on those facts. He seeks damages related to his health. It also appears he is seeking damages because "[his] living condition is truly un-safe and a medical bio-[hazard]," and based on the fact that he lost his health insurance, his job, and his apartment as a result of his incarceration. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Ford leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Ford is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[2] However, as Ford is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court construes the Complaint as raising constitutional claims for deliberate indifference to Ford's serious medical needs.[3] However, Ford has not stated a § 1983 claim against the Defendants for the following reasons.

## A. Claims Against the Individual Defendants

To state a § 1983 claim based on failures in medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).[4] A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Third Circuit has identified some scenarios where deliberate indifference may be found, for example, "where the official '(1) knows of a prisoner's need for medical treatment but

---

[3] Although Ford references his living conditions in the relief section of his Complaint, he does not develop that allegation, so it is not clear whether he intends to bring a claim based on those conditions. Even if Ford is attempting to bring such a claim, the claim fails because he has not pled sufficient facts to establish how any of his living conditions rise to a constitutional violation or how any of the Defendants are responsible for any specific conditions. Likewise, to the extent Ford seeks relief for the loss of his apartment, job, and health insurance, he would not be entitled to damages for harm that is completely unrelated to the Defendants' acts or omissions.

[4] As Ford's Complaint reflects that he was a pretrial detainee at the time of the events giving rise to his claims, the Fourteenth Amendment is the proper vehicle for his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (explaining that the Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims of deliberate indifference to medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam). Although Ford references the Fourth, Fifth, and Sixth Amendments in his Complaints, those Amendments have no application here.

3

intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In contrast, allegations of negligence or medical malpractice are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable . . . ." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted).

Here, Ford has named P.A. Karen Murphy and LPN Markelle Powell as Defendants, but he has not alleged facts showing that either of those Defendants was deliberately indifferent to his serious medical needs. Ford's only allegation against Murphy is that she was "involved and atten[d]ed to [Ford's] health care, in the medical department before [he] went to the hospital." (Compl. at 7.) That allegation does not plausibly establish that Murphy violated Ford's rights, rather, it suggests she assisted him when he needed medical attention. Powell's involvement is not clear from the Complaint. But, assuming Powell is the unidentified nurse who administered Ford the incorrect insulin, the Complaint does not allege facts suggesting that she did so with deliberate indifference, rather than in error. In other words, Ford has not alleged facts suggesting that he was the victim of a constitutional violation as opposed to medical malpractice.[5]

Ford also has not stated a claim against the Warden. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant,

---

[5] Medical malpractice claims must be pursued under state law. Even if the Court construes the Complaint as raising state law claims, it does not appear that there is an independent basis for subject matter jurisdiction here because it does not appear that the parties are diverse. *See* 28 U.S.C. § 1332(a). The state courts, however, would have jurisdiction over any such claims.

4

through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the . . . scienter requirement of deliberate indifference." *Spruill*, 372 F.3d at 236.

Here, Ford has not alleged any facts explaining how Warden McFadden was involved in the alleged violation of his rights. He has not alleged that the Warden was personally involved in the events giving rise to his claims or that he was responsible for a policy or custom that violated his rights. Rather, it appears that Ford has named the Warden due to his position. As that is not a proper basis for imposing liability on an individual in a § 1983 case, Ford has not stated a claim against Warden McFadden.

### B. Claims Against Prime Care Medical Inc.

Ford also has not stated a claim against Prime Care. A private corporation under contract to provide prison health services may be liable under § 1983 if that entity's policies or customs

5

caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009)

Here, Ford alleges that he was given the incorrect type or dose of insulin. Even assuming Ford could allege a constitutional violation in connection with that incident, he does not attribute it to a policy or custom of Prime Care. Accordingly, Ford has not stated a claim against Prime Care.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Ford's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is understandable why Ford is upset about what happened to him, but the facts alleged do not plausibly suggest a basis for a constitutional violation. However, the Court will give Ford an opportunity to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can cure the defects in his claims.

BY THE COURT:

C. DARNELL JONES, II, J.